# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JANUARY 2000 SESSION

**FILED**

**February 15, 2000**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| Appellee, | ) | **NO. W1999-00793-CCA-R3-CD** |
| | ) | |
| **VS.** | ) | **SHELBY COUNTY** |
| | ) | |
| **KYNAN REDMOND,** | ) | **HON. BERNIE WEINMAN,** |
| | ) | **JUDGE** |
| Appellant. | ) | |
| | ) | (Child Abuse) |

**FOR THE APPELLANT:**

**GLENN I. WRIGHT**
50 North Front St.
Suite 640
Memphis, TN 38103

**FOR THE APPELLEE:**

**PAUL G. SUMMERS**
Attorney General and Reporter

**TARA B. HINKLE**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

**WILLIAM L. GIBBONS**
District Attorney General

**JOHN W. CAMPBELL**
Assistant District Attorney General
201 Poplar Ave. Ste. 301
Memphis, TN 38103-1947

**OPINION FILED:** _____

**AFFIRMED**

**JOE G. RILEY, JUDGE**

**OPINION**

Defendant was indicted by a Shelby County Grand Jury on the charge of aggravated child abuse. Pursuant to a negotiated plea agreement, he pled guilty to one count of child abuse, a Class D felony, and received a sentence of three years as a Range I standard offender. The decision regarding the manner of service was left to the trial court. Defendant petitioned for a suspended sentence, and his petition was denied. The only issue in this appeal as of right is whether the trial court erred in denying defendant's application for suspended sentence. We **AFFIRM** the judgment of the trial court.

**FACTS**

The transcript of the guilty plea hearing is not included in the record. However, the following facts were elicited at the sentencing hearing.

On September 15, 1997, while babysitting his co-defendants' children, defendant repeatedly whipped eighteen-month-old C.D. with his hand and a switch in an effort to potty-train the child. The co-defendant was defendant's girlfriend.

On two occasions C.D. wet his pants, and defendant spanked the child on the behind with his hand. Later that evening, while defendant was giving the child a bath, the child urinated on the floor. Defendant retrieved a switch and began hitting the naked child, causing whelps to form on his arms, back, buttocks and the back of his legs. The child had previous scab wounds from former beatings, and defendant's blows caused the wounds to break open and bleed. After the defendant punished the child, he placed him back in the tub and poured alcohol into the water. Once the child was removed from the bath, he suffered a seizure and was taken to the hospital.

Medical examination of the child revealed numerous bruises, including bruises on the scrotum, and a bruised liver. There were also numerous switch marks and lacerations all over the child's body.

Both the defendant and the child's mother were indicted on charges of aggravated child abuse by a Shelby County Grand Jury. The defendant pled guilty

to the lesser offense of child abuse and received a negotiated three-year sentence, with the trial court to determine the issue of alternative sentencing.

## STANDARD OF REVIEW

This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is *de novo*. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997).

Under the Criminal Sentencing Reform Act of 1989, trial judges are encouraged to use alternatives to incarceration. An especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6).

In determining if incarceration is appropriate, a trial court may consider the need to protect society by restraining a defendant having a long history of criminal conduct, the need to avoid depreciating the seriousness of the offense, whether confinement is particularly appropriate to effectively deter others likely to commit similar offenses, and whether less restrictive measures have often or recently been unsuccessfully applied to the defendant. Tenn. Code Ann. § 40-35-103(1); *see also* Ashby, 823 S.W.2d at 169.

There is no mathematical equation to be utilized in determining sentencing alternatives. Not only should the sentence fit the offense, but it should fit the offender as well. Tenn. Code Ann. § 40-35-103(2); State v. Boggs, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996). Indeed, individualized punishment is the essence of alternative sentencing. State v. Dowdy, 894 S.W.2d 301, 305 (Tenn. Crim. App. 1994). In summary, sentencing must be determined on a case-by-case basis, tailoring each sentence to that particular defendant based upon the facts of that case and the circumstances of that defendant. State v. Moss, 727 S.W.2d

229, 235 (Tenn. 1986).

## ANALYSIS

Defendant argues that the trial court failed to follow the guidelines established in Tenn. Code Ann. § 40-35-102. Specifically, defendant argues he falls within the parameters of section (6), stating that especially mitigated and standard offenders convicted of Class C, D, or E felonies are presumed to be favorable candidates for alternative sentencing options in the absence of evidence to the contrary. *See* Tenn. Code Ann. § 40-35-102(6). Defendant was convicted of a Class D felony and sentenced as a Range I standard offender. Defendant further argues he has an extremely limited criminal record and a favorable employment history, which would encourage alternative sentencing.

Under Tenn. Code Ann. § 40-35-102, defendant is presumed to be eligible for alternative sentencing. However, the trial court found that the seriousness of defendant's actions required denial of defendant's motion for a suspended sentence. *See* Tenn. Code Ann. § 40-35-103(1)(B).

Initially, we note that the record does not contain the transcript of the guilty plea proceedings. Rule 24(b) of the Tenn. R. App. P. provides:

> if a stenographic report or other contemporaneously recorded, substantially verbatim, recital of the evidence or proceedings is available, the appellant shall have prepared a transcript of such part of the evidence or proceeding as is necessary to convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of the appeal.

The facts and circumstances of the offense were important to the trial court's determination of alternative sentencing. The facts as stated at the guilty plea proceeding are absent from the record. Since we deem the guilty plea proceeding essential to the determination of the issue presented, our proper course of action is to *sua sponte* presume the trial court's decision is correct. State v. Keen, 996 S.W.2d 842, 844 (Tenn. Crim. App. 1999); *see also* State v. Coolidge, 915 S.W.2d 820, 826-27 (Tenn. Crim. App. 1995) (specifically stating that the absence of a portion of the record relating to sentencing requires the Court to presume the sentence was correct). Essentially, by failing to produce an adequate record the

4

defendant has waived any claim that the conclusions of the trial court are incorrect.[1] *See* State v. Ivy, 868 S.W.2d 724, 728 (Tenn. Crim. App. 1993).

Regardless of the incomplete record, our review of the sentencing hearing reveals the trial court appropriately held the circumstances of the offense outweighed the presumption that the defendant was a favorable candidate for alternative sentencing.

Probation may be denied based upon the circumstances surrounding the offense. *See* State v. Travis, 622 S.W.2d 529, 534 (Tenn. 1981). However, in order to deny probation on this ground the trial court must find that the

circumstances of the offense

> are 'especially violent, horrifying, shocking, reprehensible, offensive, or otherwise of an excessive or exaggerated degree' and the nature of the offense must outweigh all factors favoring a sentence other than confinement.

State v. Housewright, 982 S.W.2d 354, 357 (Tenn. Crim. App. 1997); State v. Bingham, 910 S.W.2d 448, 455 (Tenn. Crim. App. 1995); State v. Hartley, 818 S.W.2d 374 (Tenn. Crim. App. 1991) (citations omitted). The codification of this standard can be found in Tenn. Code Ann. § 40-35-103(1)(B). Hartley, 818 S.W.2d at 375. The statute states that the trial court may consider whether "confinement is necessary to avoid depreciating the seriousness of the offense." Tenn. Code Ann. § 40-35-103(1)(B).

The trial court relied heavily upon the seriousness of the offense. The trial court properly noted that the child almost died and correctly held that the offense was especially violent, characterizing the defendant's actions as "horrible" and "unbelievable." It is also apparent the trial court questioned defendant's credibility as to the extent of injuries he inflicted upon the victim. A defendant's lack of credibility is an appropriate consideration as it reflects upon the potential for rehabilitation. State v. Dowdy, 894 S.W.2d 301, 306 (Tenn. Crim. App. 1994).

Defendant has not met his burden of establishing that his sentence was

---

[1] Sentencing of both defendant and co-defendant was conducted at the same time. The transcript indicates the co-defendant testified, but her testimony is omitted from the transcript. Apparently, neither party took responsibility for the most severe injuries inflicted upon the child. The trial court questioned the defendant's credibility. The co-defendant's testimony, absent from the record, would also be beneficial for proper appellate review.

improper.

**AFFIRMED.**

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**JOHN EVERETT WILLIAMS, JUDGE**

_____
**ALAN E. GLENN, JUDGE**